## THE JOHN JAY.

### No. 91.

District Court, E. D. Pennsylvania.
Aug. 12, 1936.

Rawle & Henderson, of Philadelphia, Pa., for libelants.

Dechert, Smith & Clark, of Philadelphia, Pa., for respondent.

MARIS, District Judge.

This is a proceeding to foreclose a preferred ship mortgage under the Ship Mortgage Act of 1920 (46 U.S.C.A. § 911 et seq.). The answer raises but a single question, namely, whether the libelant is entitled to an allowance as a part of its claim of reasonable counsel fees and, if so, whether the sum claimed, $2,500, is fair and reasonable.

The mortgage upon which the suit is brought by section 2 of article 2 specifically authorizes the mortgagee or appointee of the mortgagee to appear in any court and defend the vessel against liens, and provides that the expense of such defense shall be a part of the indebtedness secured by the mortgage. Section 6 of the same article provides that the "advances and expenses made or incurred by the Mortgagee at any time in retaking the vessel or otherwise protecting his rights" under the mortgage shall be repaid to the mortgagee by the shipowner, and section 5 of article 2 provides that "the proceeds of any sale of the vessel * * * shall be applied * * * First.—To the payment of all expenses and charges, including the expenses of any sale, the expenses of any retaking, and any other expenses or advances made or incurred by the Mortgagee in the protection of his rights or in the pursuance of his remedies hereunder."

Section 3 of the same article provides that "each and every power and remedy in this mortgage specifically given to the Mortgagee shall be cumulative and shall be in addition to every other power and remedy herein specifically given or now or hereafter existing at law, in equity, admiralty, or by statute."

When these provisions are considered together, it appears that section 6 creates an indebtedness of the mortgagor to the mortgagee in the amount of the liability for proctors' fees incurred by the mortgagee in protecting his rights under the mortgage, and that section 5 provides for the application of the mortgaged property to the payment of such fees incurred by the mortgagee in pursuing his remedies under the mortgage. Section 3 clearly contemplates a proceeding by the mortgagee in admiralty under a statute.

We are therefore of opinion that the mortgage contemplates foreclosure proceedings under the Ship Mortgage Act and authorizes the mortgagee to employ counsel to conduct such a proceeding, whose fees and expenses shall be paid out of the proceeds of the foreclosure sale of the vessel.

The question remains, however, as to whether such a contract is valid and enforceable in a proceeding in admiralty for the foreclosure of a preferred ship mortgage. We find no case in which this question has been decided. Similar questions have, however, arisen in connection with the foreclosure of mortgages on land, and provisions for the payment of attorneys' fees, in addition to the amount of the mortgage indebtedness, have been held valid in most states. Specifically they have been held valid in New York, the home port of the vessel and the place of delivery of the mortgage involved in this case, and also in Pennsylvania, where the suit has been brought. The state rule on this question

has been applied in the federal courts in bankruptcy matters, and we see no reason why it should not also be applied in admiralty, in the absence of a definitely established rule of admiralty law to the contrary.

We therefore hold that the libelant is entitled to be allowed reasonable and fair counsel fees.

The amount which is claimed is $2,500. In support of this amount, the libelant called Joseph F. Lulley, Esq., of counsel for the libelant, who described in detail the services rendered and to be rendered in this proceeding, and Leslie C. Krusen, Esq., a prominent member of the Philadelphia Admiralty Bar, who testified that in his opinion $2,500 would be a fair charge for these services. From the testimony we find that $2,500 is a fair and reasonable sum to be allowed the libelant for its counsel fees, and we accordingly direct that this sum be so allowed.

Some question was raised by the answer as to the amount of money claimed to have been advanced by the libelant for the payment of insurance premiums and ordinary interest due on such advances. We find from the testimony that the aggregate amount of these advances was $10,961.88, and that the interest thereon to July 15, 1936, amounted to $523.03, making a total on this account of $11,484.91. All the other averments of the libel were admitted.

A final decree consistent with this opinion may be submitted.